Sean J. Riddell, OSB# 013943
Email: sjr@seanjriddellpc.com
Sean Riddell, PC
2905 NE Broadway
Portland, OR 97232
Telephone: (971) 219-8453

Christine S. Mascal, OSB #903332
Email: cmascal@mascal-law.com
Mascal Law Office, LLC
2905 NE Broadway
Portland, OR 97232
Telephone: (503) 320-1020

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KIERA GABALDON; N.B. by and through her guardian ad litem, TRAVIS BENN; A.S. by and through her guardian ad litem JOSEPH SPANGLER; K.C. by and through her guardian ad litem STEVE CALLAHAN; L.L by and through her guardian ad litem CHRISTOPHER LOVE; and M.C. by and Through her guardian ad litem ROMAN CAUDILLO,<br><br>                     Plaintiffs,<br>   vs.<br><br>PORTLAND PUBLIC SCHOOLS, an Oregon public school District, CLEVELAND HIGH SCHOOL, a subgroup of PORTLAND PUBLIC SCHOOLS,<br><br>                     Defendants. | Case No.:<br><br>COMPLAINT – TITLE IX; EMPLOYMENT DISCRIMINATION<br><br>JURY TRIAL DEMAND |

The above-captioned Plaintiffs file this Complaint against Defendant Portland Public School District ("PPS" or "Defendant") and allege as follows:

## STATEMENT OF THE CASE

1. This action is posed for declaratory and injunctive relief. Defendant has violated Title IX of the Education Amendment of 1972, 20 U.S.C. §1681 et seq. ("Title IX") and the regulations adopted thereto by illegally denying Plaintiffs the equal treatment and benefits that must necessarily accompany an equal opportunity to participate in athletics.

2. Defendant's denial of equal treatment and benefits constitutes discrimination against the Plaintiffs based solely on their gender. Specifically, Defendant has discriminated against Plaintiffs in the following areas: (1) provision of equipment and supplies; (2) provision of facilities for both practice and competition; and (3) defendants had actual knowledge of Rusty Marchello's discriminatory conduct and acted with deliberate indifference to Rusty Marchello's harassment of Plaintiffs.

3. This action seeks to redress the deprivation of the Plaintiffs' rights to receive the equal treatment and benefits which must necessarily accompany an equal opportunity to participate in interscholastic and other school-sponsored athletics. This action seeks a declaratory judgment that Defendant has violated the Plaintiffs' rights under federal law. This action further seeks an injunction requiring Defendant to immediately cease its discriminatory conduct and to remedy the effects of its discriminatory conduct.

4. Plaintiffs seek injunctive relief which, among other things, requires that Defendant provide Plaintiffs with treatment and benefits equivalent to that provided to the boys' athletic teams at Cleveland High School, a subgroup of Portland Public Schools; the termination of

Rusty Marchello ("Marchello"), wrestling coach at Cleveland High School; and reinstatement of Kiera Galbadon as wrestling coach at Cleveland High School.

## JURISDICTION AND VENUE

5. The Plaintiffs' claim arises under 20 U.S.C. §1681, *et seq*. and its interpreting regulations. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

6. Jurisdiction for declaratory and other relief is invoked pursuant to 28 U.S.C. §§ 2201(a) and 2202. A declaration of the correct interpretation of the legal requirements described in this Complaint is necessary and appropriate to determine the respective rights and duties of the parties to this action.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b). Portland Public School District serves the area in which Plaintiffs live in Portland, Oregon, and Plaintiffs' claim arises from activities conducted at Cleveland High School, which is located within the jurisdiction of this Court.

## THE PARTIES

8. Plaintiff Kiera Gabaldon was the female wrestling coach at Cleveland for three (3) academic years.  Defendant has discriminated against Ms. Gabaldon on the basis of her sex by denying her and the student athletes she coaches (as members of the girl's wrestling team) equal athletic treatment, allowing the male wrestling coach to discriminate on the basis of sex and terminating Ms. Gabaldon's employment because she objected to Marchello's discriminatory and hostile conduct.  Ms. Gabaldon is a resident of Oregon.

9. Plaintiff Gabaldon's wrestling credentials include, but are not limited to:

a. Women's College Wrestling Association National runner up 2019, Warner Pacific University;

b. Oregon State Wrestling Champion 2019, Warner Pacific University;

c. Three time All American colligate wrestler 2015-2019, Warner Pacific University

d. Captain of the Men's and Women's wrestling team 2014-2019, Warner Pacific University;

e. Awarded a partial Academic scholarship 2014, Warner Pacific University;

f. Awarded a full athletic scholarship 2014, Warner Pacific University;

g. Inducted into the Wrestling Hall of Fame, 2014; and

h. Athletic Coach, Women's High School National Wrestling Team of Oregon, June 2018 to present.

10. Plaintiffs N.B., A.S., K.C., L.L., and M.C.   Defendant has discriminated against Plaintiffs on the basis of their sex by denying them equal athletic treatment and benefits. Defendant also discriminated against Plaintiffs on the basis of sex by having actual knowledge of Marchello's discriminatory conduct and failing to take appropriate action to end his harassment. Plaintiffs are all residents of Oregon.

## STATEMENT OF FACTS

11. Defendant has, by its conduct, violated Title IX by discriminating against female student athletes at Cleveland High School High School, including Plaintiffs, by failing to provide treatment and benefits which are comparable to the treatment and benefits provided to male student athletes.

12. Defendant has been put on notice of its illegal discrimination against female athletes. Coaches, parents and students have complained about Title IX violations and/or unfair treatment of female student athletes for years.

13. Defendant has unlawfully discriminated against female student athletes in violation of Title IX with respect to athletic treatment and benefits in areas including, but not limited to, practice and competitive facilities, locker rooms, training facilities, equipment and supplies. Defendant also had actual knowledge of Marchello's discriminatory conduct and did not take appropriate action to end the harassment.

14. Cleveland High School supports several co-educational athletic teams. The girls' softball team is treated as a separate program from the boy's baseball team. The softball and baseball teams have separate head coaches, their own practice facilities and the girls' softball coach answers to the Athletic Director. The girls' basketball team is treated as a separate program from the boys' basketball team. The girls' basketball team is afforded equal access to the practice facilities. The girls' basketball team's head coach reports to the athletic director. For some unknown reason, the girl's wrestling team is managed by Marchello and the girl's wrestling team reports to the boy's wrestling team coach. The reporting structure creates a power imbalance that resulted in the girls' team being treated as second class citizens.

15. During the 2024-2025 academic year Marchello escorted the boy's and girl's wrestling team to an away tournament. The distance required the team and coaches to stay overnight in a hotel. The hotel had a common swimming pool and a hot tub for guests. Many of the minor team members were in the hot tub. Despite his age, position, and employment, Marchello entered the hot tub wearing a swimsuit and no shirt. His topless torso exposed a tattoo of a rooster. Marchello repeatedly asked the minor children if they wanted to see his "cock." He

would then cover and uncover his tattoo of a rooster. Marchello's presence in the hot tub made all the minor children uncomfortable and his repeated sexually charged jokes added to the children's discomfort. Many of the plaintiffs were present for Marchello's hot tub conduct.

16. There is sufficient information and belief to allege that Defendant Portland Public Schools and Defendant Cleveland High School's leadership knew of Marchello's gender discriminatory behavior and sexually inappropriate behavior, and did not investigate his behavior, discipline Marchello, nor did Defendant take sufficient steps to protect Plaintiffs from future gender-based harassment.

17. Marchello would often make inappropriate gender-based comments during practices and tournaments that made Plaintiffs uncomfortable. Plaintiffs report that Marchello would often leer at them uncomfortably during weigh-ins, practices, tournaments and other activities. Marchello's gender-based comments were open, obvious and well known to members of the wrestling team, students at Cleveland High School, and faculty at Cleveland High School.

18. Throughout Marchello's leadership of the Cleveland High School Wrestling team program, he treated the girl's program differently than the boy's program. His conduct included, but was not exclusive to:

    a. Not allowing the girls' team to practice in the gym with adequate and safe wrestling mats;

    b. Only allowing the girls to practice in the school's cafeteria, after they moved the lunch tables out of the way and used unsafe fold away mats not suitable for wrestling practice;

    c. Using school funding disproportionality in favor of the boys' team;

    d. Only schedule tournaments, bouts, and competitions for the boys' team;

  e. Forcing the girls to attend tournaments, bouts, and competitions with other schools that did not have a girls' team, while not scheduling corresponding tournaments, bouts, and competitions for the girls' team.

19. Defendant provides inequitable practice and competitive facilities to female student athletes.

20. In late April and early March of 2024, Plaintiff Gabaldon voiced her concerns to Marchello regarding his disparate treatment and discriminatory treatment of the girls' team. In response, Cleveland High School terminated Plaintiff's Gabaldon's employment as coach of the girl's wrestling team. The termination was done in spite of numerous objections of team members' parents and Plaintiff Gabaldon's superior record over Marchello's boys team record.

## FIRST CLAIM FOR RELIEF

**Unequal Treatment and Benefits in Athletic Programs in Violation of Title IX**

21. Plaintiffs restate and incorporate by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

22. Title IX, enacted in 1972, provides in relevant part: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance..." 20 U.S.C. § 1681(a).

23. Since the passage of Title IX, the District has received and continues to receive federal financial assistance and the benefits therefrom. Therefore, all programs in the Portland Public School District, including the athletic programs, are subject to the requirements of Title IX. 20 U.S.C. § 1687.

24. Title IX's implementing regulations provide that "No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, be treated differently from another person or otherwise be discriminated against in any interscholastic, intercollegiate, club or intramural athletics offered by a recipient, and the recipient shall provide any such athletics separately on such basis." 34 C.F.R. § 106.41(a).

25. Under Title IX, schools must provide "equal treatment and benefits" to members of both sexes in their athletic programs. 44 Federal Register 71,413 (1979), the Department of Education, Office of Civil Rights' 1979 Policy Interpretation (the "Policy Interpretation").

26. Equal treatment and benefits is assessed based on an overall comparison of the male and female student athletic programs, including an analysis of the following factors, among other considerations: "The provision of equipment and supplies; Scheduling of games and practice time; Opportunity to receive coaching...; Assignment and compensation of coaches...; Provision of locker rooms, practice and competitive facilities; Provision of... training facilities; Publicity" and a school's "failure to provide necessary funds for teams for one sex." 34 C.F.R. § 106.41(c)(2) - (10).

27. The regulations required that sponsors of interscholastic athletics comply with the regulations within three years of their effective date, or by July 21, 1978. The regulations further require that sponsors of interscholastic athletics take such remedial actions as are necessary to overcome the effects of sex discrimination in violation of Title IX. 34 C.F.R. §106.3(a).

28. Plaintiffs are informed and believe, and based thereon allege, that Defendant has not taken remedial actions necessary to satisfy Defendant's obligations under Title IX.

29. Defendant has intentionally violated Title IX by knowingly and deliberately discriminating against female students, including Plaintiffs, by, among other things, failing to

provide female student athletes at Cleveland High School with treatment and benefits that are comparable to the treatment and benefits provided to male student athletes in areas including, but not limited to, practice and competitive facilities; locker rooms; training facilities; equipment and supplies; publicity; and funding.

30. There is sufficient information and belief to allege that Defendant has intentionally violated Title IX by knowingly and deliberately discriminating against female students, including Plaintiffs, by, among other things, failing to investigate Marchello's gender based and discriminatory behavior including but not limited to: sexual comments, sexual jokes, gender demeaning comments and leering at members of the girls' team.

31. The inequitable treatment of female and male student athletes at Cleveland High School, as detailed above, demonstrates Defendant's intentional and conscious failure to comply with Title IX. Defendant's conduct has persisted despite the information provided by and the requests made by Plaintiffs and other individuals, and despite the mandates of the relevant Title IX regulations, particularly 34 C.F.R. §§ 106.31 and 106.41, and the Policy Interpretation.

32. As a proximate result of these unlawful acts, the Plaintiffs have suffered and continue to suffer irreparable injury.

33. Plaintiffs are entitled to relief, including declaratory relief and injunctive relief.

**SECOND CLAIM FOR RELIEF**
**TITLE IX**
**GENDER DISCRIMINATION**

34. Plaintiff realleges and incorporates all previously alleged paragraphs.

35. Plaintiffs bring this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

36. Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a) states that:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…

37. Title IX is implemented through the Code of Federal Regulations. See 34 C.F.R. § Part 106.

38. 34 C.F.R. § 106.8(b) provides:

> …A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part.

39. In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1988), the United State Supreme Court recognized that a recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient is "deliberately indifferent" to known acts of discrimination.

40. The sex-based harassment plaintiffs suffered, as alleged above, was so severe, pervasive, and objectively offensive that it deprived Plaintiffs of access to educational opportunities or benefits provided by Defendant.

41. Defendant created and/or subjected Plaintiffs to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), in one or some, but not exclusive to acts:

    a. Plaintiffs are and were members of a protected class;

    b. Plaintiffs were subjected to sexual harassment in the form of sexually inappropriate conduct, gender discriminatory conduct and sexually inappropriate behavior by an employee of Portland Public Schools;

    c. Plaintiffs were subjected to harassment based on their sex; and

    d. Plaintiffs were subjected to a hostile educational environment created by Defendant's failure to properly investigate and correct Marchello's open and obvious gender based discrimination.

42. Defendant and its officials had actual knowledge of Marchello's inappropriate sexual comments, in appropriate sexual conduct, and gender discrimination.

43. Defendant's failure to investigate promptly and appropriately correct Marchello's open and obvious inappropriate sexual comments, in appropriate sexual conduct, and gender discrimination, resulted in Plaintiffs, on the basis of their sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the Defendant's education program in violation of Title IX.

44. Defendant acted with deliberate indifference when they failed to investigate Marchello's conduct.

45. Plaintiffs have suffered emotional distress and psychological damage, and their character and standing in their community have suffered from the harassment fostered as a direct and proximate result of Defendant's deliberate indifference to their rights under Title IX.

46. Plaintiff is entitled to reasonable attorney fees and cost pursuant to 42 U.S.C. § 1988(b).

///

///

///

## THIRD CLAIM FOR RELIEF
## ORS 659A.199
## WHISTLEBLOWING – PLAINTIFF GABALDON

47. Plaintiff Gabaldon re-alleges and incorporates by reference all previously alleged paragraphs.

48. In late April and early March of 2025, Plaintiff Gabaldon voiced her concerns to Marchello regarding his disparate treatment and discriminatory treatment of the girls' team. In response, Cleveland High School terminated Plaintiff Gabaldon's employment as coach of the girl's wrestling team.

49. As a result of Defendant's conduct, Plaintiff incurred economic damages in the amount $5,000 to the date of trial, or an amount to be proven at trial.

50. As a further result of Defendant's conduct, Plaintiff incurred non-economic damages in the amount of $350,000 or an amount to be proven at trial.

51. Plaintiff Gabaldon should be awarded reasonable attorney fees and litigation expenses/costs against Defendant pursuant to ORS 659A.885 and all other applicable Oregon statutes.

## INJUNCTIVE RELIEF

52. Plaintiffs are entitled to injunctive relief to end Defendant's unequal, discriminatory, and unlawful treatment of female student athletes. Because of Defendant's acts and omissions, Plaintiffs continue to be deprived of the rights guaranteed by the United States Constitution and the laws of the United States. Failure to grant the injunctive relief requested will result in irreparable harm to Plaintiffs in that Plaintiffs' rights will be violated and that Plaintiffs will

never be able to participate in interscholastic and/or other school-sponsored athletics on an equal basis with their male classmates. Accordingly, Plaintiffs do not have an adequate remedy at law for this harm. This threatened harm far outweighs any possible harm that granting injunctive relief might cause Defendant. Finally, the injunctive relief sought would in no way disserve the public interest but, on the contrary, would prevent discrimination based on gender and would promote the goal of full equality before the law.

## ATTORNEYS' FEES

53. Plaintiffs have been required to retain the undersigned attorneys to prosecute this action. Plaintiffs are entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully pray that this Court:

(1) Enter an order declaring that Defendant has engaged in a past and continuing pattern and practice of discrimination against female students, including Plaintiffs, on the basis of gender in violation of Title IX and the regulations promulgated thereunder (including unequal treatment and benefits).

(2) Issue a permanent injunction (a) restraining Defendant and its officers, agents, employees, successors and any other persons acting in concert with them, from continuing to maintain practices and policies of discrimination against Plaintiffs and other female athletes on the basis of gender, and (b) requiring Defendant, immediately upon issuance of the injunctive order, to adopt and implement a budget and plan which corrects and remediates Defendant's

violation of Title IX. Such a plan should include, among other things, providing Plaintiffs and other female athletes with treatment and benefits comparable to those provided to male athletes.

(3) The termination of Marchello's employment.

(4) The reinstatement of Plaintiff Gabaldon's employment as the girls' wrestling team coach, with the listed economic and non-economic damages.

(5) Award Plaintiffs their reasonable attorneys' fees and costs pursuant to U.S.C. § 1988.

(6) Order such other and further relief as the Court deems appropriate.

Dated this 21st day of November 2025.

**SEAN J. RIDDELL, PC**

By *s/ Sean J. Riddell*
Sean J. Riddell, OSB #013943 Email:
sjr@seanjriddellpc.com
(971) 219-8453


**MASCAL LAW OFFICE, LLC**

By *s/ Christine S. Mascal*
Christine S. Mascal, OSB #903332 Email:
cmascal@mascal-law.com
(503) 320-1020


Of Attorneys for Plaintiffs